493 F.Supp.2d 1381 (2007)
In re TRADE PARTNERS, INC., INVESTORS LITIGATION
James Lee, et al.
v.
Macatawa Bank Corp., et al., C.D. California, C.A. No. 2:06-8009
Forrest W. Jenkins, et al.
v.
Macatawa Bank Corp., et al., W.D. Michigan, C.A. No. 1:03-321
Steven M. Adamson, et al.
v.
Macatawa Bank Corp., et al., W.D. Oklahoma, C.A. No. 5:06-1267.
Eddie Elkins, et al.
v.
Macatawa Bank Corp., W.D. Oklahoma, C.A. No. 5:07-109
Frank V. Bailey, et al.
v.
Macatawa Bank Corp., N.D. Texas, C.A. No. 3:06-2193
No. MDL 1846.
Judicial Panel on Multidistrict Litigation.
June 26, 2007.
Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of five actions, two actions in the Western District of Oklahoma, and one action each in the Central District of California, the Western District of Michigan, and the Northern District of Texas. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by common defendants Macatawa Bank Corp. and Macatawa Bank seeking coordinated or consolidated pretrial proceedings of these actions in the Western District of Michigan or, in the alternative, the Western District of Oklahoma.[1] Plaintiffs in all actions oppose the motion, but alternatively support the selection of the Western District of Oklahoma as transferee district.
On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The five actions share factual allegations concerning Grand Bank's  defendants' predecessor-in-interest  role in an allegedly fraudulent scheme perpetrated by Trade Partners, Inc. In opposition to Section 1407 centralization, plaintiffs primarily argue that individual questions of fact and law predominate, as evidenced by a ruling in the Western District of Michigan action denying class certification. The fact that class certification was denied in the Michigan action does not negate the reality that centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.
Although either of the suggested districts would be an appropriate transferee *1382 forum for this litigation, the Panel has selected the Western District of Michigan, because (i) the Western District of Michigan action has been pending far longer than the actions pending elsewhere, (ii) accordingly, Judge Robert H. Bell has become familiar with the issues in the litigation, and (iii) defendants' headquarters are located in Michigan, as were those of Trade Partners, Inc., and thus relevant documents and witnesses will likely be found there.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Western District of Michigan are transferred to the Western District of Michigan and, with the consent of that court, assigned to the Honorable Robert H. Bell for coordinated or consolidated pretrial proceedings with the action pending there.
NOTES
[*] Judge Miller did not participate in the decision of this matter.
[1] An additional action  Ronald Ash, et al. v. Macatawa Bank Corp., W.D. Oklahoma, C.A. No. 5:06-1384  was included on the initial Section 1407 motion. The Panel has been notified that this action has been voluntarily dismissed. Accordingly, the question of inclusion of this action in MDL-1846 proceedings is moot.